**Gregory SMITH, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Warden, et al.,**
**Respondents–Appellees.**

No. 02–52232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.*

Decided Oct. 30, 2003.

---

* This panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Darlene M. Ricker, Attorney at Law, Malibu, CA, Gregory Smith, pro se, Represa, CA, for Petitioner–Appellant.

Theresa Cochrane, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,** District Judge.

MEMORANDUM ***

California state prisoner Gregory Smith appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1998 jury conviction for murder and attempted murder. Smith argues that the state trial court violated his constitutional right to present a defense when it excluded his third party culpability evidence. Smith also argues that the state trial court misapplied provisions of the California Evidence Code when excluding evidence that his alleged victim was also the victim of two other shootings. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

■ We can only grant habeas relief where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir.2003). Although the Supreme court recognizes the right to present a complete defense, that right is restricted "to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers v. Mississippi, 410 U.S. 284, 298, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The Supreme Court has not articulated the specific set of circumstances under which a criminal defendant must be permitted to introduce evidence of potential third-party culpability. Where the proferred evidence simply affords a possible ground of suspicion against a third party and does not directly connect that person with the actual commission of the offense, that evidence may be excluded. See People of Territory of Guam v. Ignacio, 10 F.3d 608, 615 (9th Cir.1993) (quoting Perry v. Rushen, 713 F.2d 1447, 1449 (9th Cir.1983)).

■ We cannot review questions of state evidence law, Spivey v. Rocha, 194 F.3d 971, 977 (9th Cir.1999), so even if the California Court of Appeals misapplied California law, as Smith argues, habeas relief can lie only if the decision to exclude the "other shootings" evidence rendered the proceedings so fundamentally unfair as to violate due process. Id. It did not, as Perry v. Rushen, 713 F.2d 1447 (9th Cir. 1983), illustrates. Here, Smith sought to raise doubt about the identity of the shooter by introducing evidence that one of the victims of the instant shooting was also the victim of two other shootings in a 15–month period. However, the excluded evidence fails to link any third party to the shooting in the instant case, and does not controvert the testimony of two eyewitnesses identifying Smith as the shooter. Therefore, we agree that the state court's decision to exclude this evidence was nei-

** Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ther contrary to nor an unreasonable application of federal law.

**AFFIRMED.**